**FILED
CLERK**

1:48 pm, Dec 11, 2020

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

10UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

MICHELLE TENZER-FUCHS, on behalf of herself and all others similarly situated,

*Plaintiffs*

vs.

VITA-MIX CORPORATION,

*Defendant*

DOCKET NUMBER: 2:20-CV-03077-GRB-AYS

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Michelle Tenzer-Fuchs and Defendant Vita-Mix Corporation stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until November 10, 2021 for the sole purpose of enforcement of the parties' obligations under Section 6 of the parties' Confidential Settlement Agreement and Release of Claims. Section 6 of the Confidential Settlement Agreement and Release of Claims reads as follows:

> Remedial Measures. Within twelve (12) months from the date of this Agreement ("Modification Period"), Company shall make good-faith, commercially reasonable efforts to engage a mutually agreeable Web Accessibility Consultant to ensure that the Website is brought into substantial conformance with the Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria ("WCAG") to the extent reasonably feasible. The requirement of substantial conformance only applies to and is inclusive of those pages contained within the Website's domain and is exclusive of those pages that link to the pages that are not controlled or operated by Company. Should the United States Department of Justice or a court or other governmental entity with jurisdiction over Company adopt a legal standard for website accessibility that is different from WCAG, Company, in its sole discretion, shall have the option of substantially complying with the legal standard

established by such entity.  Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to substantially conform to WCAG.  The term "Third-Party Content" refers to web content that is not developed, owned or controlled by Company.  The Parties further agree that Company can link to Third-Party Content and shall not be responsible or liable for the state of their accessibility to individuals with disabilities.  In addition, Archived Web Content (as defined below) will not be required to meet WCAG.  The term "Archived Web Content" refers to content (1) maintained exclusively for reference, research, or recordkeeping; (2) not altered or updated after the date of archiving; and (3) organized and stored in a dedicated area or areas clearly identified as being archived.  If Company's ability to meet the deadline for compliance with this Agreement is delayed by third-party vendors, acts of God, force majeure, or for other reasons that are outside of Company's control, counsel for the Parties shall meet and confer regarding an extended deadline.  If the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will have the right to seek judicial relief.

Each party shall bear his or its own fees, costs and attorneys' expenses.

Dated:  December 9, 2020

By: /s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*

Dated: December 9, 2020

By:     /s/ *Heidi Gootnick*
Heidi Gootnick, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, New York 10006
Gootnick.H@wssllp.com
*Attorneys for Defendant*

Dated: 12/11/2020
So Ordered.  The Clerk of the Court is directed to close this case.
**/s/ Gary R. Brown**
GARY R. BROWN, U.S.D.J.